1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| KATHLEEN CALAHAN<br><br>                              Plaintiff,<br><br>v.<br><br>ILINK SYSTEMS, INC., D/B/A ILINK<br>DIGITAL, a Delaware Corporation,<br><br>                              Defendant. | Case No.: 2:23-cv-650<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Kathleen Calahan states and alleges the following facts and causes of action against the above-named Defendant:

### JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 over Plaintiff's claim arising under 42 U.S.C. § 1981, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, because they are so related to Plaintiff's federal claim that they form part of the same case or controversy under Article III of the Constitution.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant is Delaware corporation doing business in Washington and because a substantial portion of the events or omissions giving rise to the claim occurred in this District.

### PARTIES

3.      Plaintiff Kathleen Calahan is a resident of Washington State.

COMPLAINT   -1-

4.      Defendant iLink Systems, Inc. ("iLink") is a Delaware corporation doing business in the State of Washington and is an "employer" under the Washington Law Against Discrimination ("WLAD"), RCW 49.60.

## FACTUAL BACKGROUND

5.      On April 19, 2021, Plaintiff, who is a Caucasian female, was hired as HR Manager for U.S. Operations at iLink Digital in Bothell, Washington. She was a full-time employee given the flexibility of working from home.

6.      She worked exclusively from home until the company changed office locations in Bothell in early April 2022. The first time she was required to be in the office was April 19, 2022.

7.      Plaintiff's direct supervisor was Noland Angara, Director of HR and COO of iLink company, Red Sky Blue Water.

8.      On January 23, 2022, Plaintiff's performance evaluation was "exceeds expectations."

9.      During a regular one-on-one meeting on March 25, 2022, Plaintiff inquired to Angara about a leadership meeting taking place April 4-6, 2022, in Dallas that was rescheduled from January 2022 due to COVID. Plaintiff was not invited to the January meeting but asked about the criteria to attend, as she wanted to be included if possible. Angara said that Plaintiff qualified to attend, and he would investigate further.

10.     On or around March 28, 2022, Plaintiff was invited to the April Leadership Meeting.

11.     The meeting had a full agenda for the two-and-a-half days with presentations and many team building activities with very little down time. Prior to the meeting, Plaintiff was not provided any instructions or requirements regarding meeting participation.

COMPLAINT  -2-

12.    Most of the 50-plus attendees were men who lived in or were born in India. They mostly held positions as business unit leaders, directors, and managers who had experience as software engineers, architects, technical project/program managers, and business intelligence. Before the event, Plaintiff had not met any of the attendees in person.

13.    On April 6, 2022, the last day of the meeting and just prior to leaving for the airport, Angara took Plaintiff aside and asked if she was doing okay. Plaintiff said yes, everything was fine; she asked why he was inquiring. He said a couple of leaders perceived she was not having a good time and believed she was insufficiently interacting with other attendees.

14.    Confused, Plaintiff asked for additional information. She had been talking with numerous people and was enjoying herself. As such, she could not comprehend the bases for these perceptions.

15.    Angara then said that one of the leaders, COO Uday Bhaskarwar, thought she should have introduced herself to him. Plaintiff explained she certainly would have liked to have met him and that she would have approached him had she known he had the time and interest. She had wanted to respect that Bhaskarwar was unusually busy with other people because he had not been to the U.S. in over two years. Angara said he understood.

16.    Bhaskarwar shared with Angara that perhaps he (Bhaskarwar) and Plaintiff could schedule a more dedicated meeting going forward where Plaintiff could travel to other locations and have structured meetings with people. She agreed that this was a good idea and a good opportunity. Plaintiff remained concerned, however, as the end of the conference was the first time the leadership's perceptions had been communicated to her.

17.    After the discussion with Angara, Plaintiff approached Bhaskarwar while people were gathered waiting for the elevator to leave for the airport. She thanked him for inviting her to the meeting and shared that she enjoyed meeting everyone and participating in the team building

COMPLAINT  -3-

events. Bhaskarwar stated that he looked forward to another meeting where Plaintiff could be handling the team building events. Plaintiff agreed and thanked him again.

18.    Plaintiff did not hear anything further about the leadership meeting until April 19, 2022.

19.    On April 19, 2022, Angara held a meeting in the Bothell office with a couple of his direct reports from his business unit and let Plaintiff know so she could attend and meet them also. When she arrived, Angara told her that Sree Balaji, the CEO, had sent him an email the night before expressing concerns about her. Balaji had attended the Dallas conference.

20.    Puzzled, Plaintiff asked for more information regarding the concerns. Angara said he wasn't sure because Balaji had not responded to the email yet. Angara then asked Plaintiff if she was on a "direct touch" call recently with Balaji and she said, "yes." Balaji told Angara that Plaintiff was very quiet on the call. Plaintiff explained that the purpose of the employee engagement calls was for the leader to ask a question or two and for the employee to have the chance to state what is working well or not. Normally she would not interject unless a question arises or there is something to add. Plaintiff also said she had been on previous calls with the CEO during the past few months and her "not talking" had not been a concern as far as she knew.

21.    Angara also mentioned that Balaji believed Plaintiff should have been riding in the shuttle bus in Dallas with other people versus riding with Angara in a rental car along with his direct reports.

22.    Plaintiff asked Angara what was going on since the Dallas meeting. She was concerned about the feedback from leadership and was curious about the email as it seemed to come out of nowhere. Angara responded that it was "probably because [she's] not Indian." Angara told Plaintiff to think about how she wanted to handle this situation.

COMPLAINT  -4-

23.     Given that Plaintiff's information about the concerns was scant and seemingly arbitrary, she did not have an immediate response. She reached out later to Angara to let him know she had an idea about addressing the situation.

24.     Plaintiff and Angara spoke on April 20, 2022. Plaintiff shared that she was upset about the conversation regarding additional concerns from Balaji. She asked Angara if she could speak with all the leaders individually, including the CEO, to engage in an honest and open discussion with them to understand and rectify any concerns. Angara stated this was a good idea and asked Plaintiff if she wanted him to be on the calls. She said yes, and he agreed to be an observer and to participate as necessary. Angara said that the other leaders would probably agree to talk with Plaintiff, however, he wasn't sure about the CEO. He said if the CEO does not want to meet, it says a lot about him. He stated that this will be their chance to get to know her and provide unfiltered feedback.

25.     On April 22, 2022, Angara indicated he had not received a response from any of the leaders about meeting with Plaintiff.

26.     On Monday afternoon, April 25, 2022, Angara sent Plaintiff an email invitation to meet with him on Tuesday afternoon, April 26, 2022. Plaintiff messaged Angara via MS Teams to inquire about the purpose of the meeting. Angara said it was to follow-up on the leadership team's feedback on Plaintiff. Plaintiff asked: "Upon receiving this feedback, will I be given the opportunity to rectify any concerns?" Later in the conversation he wrote: "While I remain hopeful about the outcome, I also caution and remind you of the past stances iLink leadership have [*sic*] taken — Wole, Prashanth, Justin. Hope for the best but prepare for the worst has been a guiding life principle for me, and I advise you to adopt that position."

27.     Plaintiff and Angara met the following day, April 26, 2022, for about an hour. Angara told Plaintiff she was being terminated because of the conference in Dallas. He said, "if Dallas didn't happen, we would not be having this conversation."

COMPLAINT   -5-

MALONEY O'LAUGHLIN, PLLC
200 WEST MERCER STREET, STE. 506
SEATTLE, WA 98119
206.513.7485

28.    Plaintiff did not receive a severance agreement although others had. Of two men who were terminated, one received a severance (Indian), and one did not (non-Indian). There was no documentation from the company to substantiate the Indian termination. The non-Indian termination was because the employee lost interest after the way he was treated by the business unit.

## COUNT I – 42 U.S.C. § 1981 RACE/ETHNICITY/ANCESTRY DISCRIMINATION

29.    Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

30.    Defendant terminated Plaintiff's employment relationship because of her race, ethnicity, or ancestry as a white woman.

31.    As a direct and proximate cause of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

32.    Defendant acted with malice or reckless disregard to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and deter it and others from like conduct.

## COUNT II – WLAD RACE/ETHNICITY/ANCESTRY DISCRIMINATION

33.    Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

34.    Defendant terminated Plaintiff because of her race, ethnicity, or ancestry as a white woman.

35.    Defendant's reasons for terminating Plaintiff are a pretext for the real reason for her termination.

36.    As a direct and proximate cause of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

COMPLAINT  -6-

## COUNT III – WLAD NATIONAL ORIGIN DISCRIMINATION

37.     Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

38.     Defendant terminated Plaintiff because of her country of national origin.

39.     Defendant's reasons for terminating Plaintiff are a pretext for the real reason for her termination.

40.     As a direct and proximate cause of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## REQUEST FOR RELIEF

41.     Plaintiff Kathleen Calahan requests all damages allowable under federal law and Washington law, including the following:

    a.     Compensatory damages, including lost wages and emotional distress damages;

    b.     Front pay;

    c.     Punitive damages;

    d.     Pre- and post-judgment interest;

    e.     Attorney fees, costs, and expenses;

    f.     Any and all other and further relief this Court deems just and proper.

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues triable by jury.

Dated this 4th day of May, 2023.

COMPLAINT   -7-

MALONEY O'LAUGHLIN, PLLC
200 WEST MERCER STREET, STE. 506
SEATTLE, WA 98119
206.513.7485

Respectfully submitted,

By:    /s/ *Amy K. Maloney*
       Amy K. Maloney, WSBA 55610
       /s/ *Matt J. O'Laughlin*
       Matt J. O'Laughlin, WSBA 48706
       MALONEY O'LAUGHLIN, PLLC
       200 W. Mercer Street, Ste. 506
       Seattle, Washington 98119
       Tel: 206.513.7485
       Fax: 206.260.3231
       amy@pacwestjustice.com
       matt@pacwestjustice.com

       Attorneys for Plaintiff

COMPLAINT   -8-